MR. JUSTICE HUNT,
dissenting:
I dissent with the majority regarding issues 3 and 4. Current federal law on the subject of telephone recordation and wiretapping apparently mandates the result of the majority but this trend of blatant disregard for the right of privacy that has developed in recent years gives me pause. *12 In this decision, the majority overrules State v. Brackman (1978), 178 Mont. 105, 582 P.2d 1216, in which this Court held that a warrantless recording of a conversation consented to by one party but not the defendant was inadmissible as evidence because it violated the right to privacy guaranteed by the Montana Constitution.
As a rationale for this about-face, the majority explains that the defendant had no reasonably justifiable expectation of privacy in her conversations with the undercover officer. Additionally, holds the majority, since the defendant’s “interest” in keeping the conversation private is equal to the officer’s interest in revealing the conversation, the officer’s consent was enough to satisfy the protections of the right of privacy provision in our state constitution. I disagree with both these contentions.
First, by finding that a defendant “has no reasonably justifiable expectation that statements made to another will be kept private by that person” the majority ostensibly abolishes the requirement of a search warrant to record any and all conversations between any persons if one party is a government agent and consents. I believe if the average citizen was asked whether the Montana Constitution gave him the right to expect his conversations with other people to be kept private, the answer would be a resounding “yes!”. A recent case decided by the Superior Court of Pennsylvania makes a convincing argument that the consent of a government participant in a conversation to the recordation or electronic monitoring of that conversation should not be the guidepost by which we measure the constitutionality of admitting that recording into evidence.
“In the Commonwealth of Pennsylvania, no citizen should have to expect that the government may immediately and irrevocably seize his private thoughts every time he voices them to another person. Moreover, whatever the distinction between electronic eavesdropping done without consent and electronic eavesdropping done with the consent of a government informant, it does not support a rational conclusion that the first practice is a government “search and seizure” into the speaker’s protected zone of privacy while the second practice is not.”
Commonwealth v. Schaeffer (1987), 370 Pa.Super. 179, 536 A.2d 354, 360.
Second, the majority attempts to characterize the defendant’s conversation as an “object” in which she has some kind of possessory interest. I agree with the majority’s statement that it is logically difficult to characterize a conversation as something in which the de *13 fendant has a possessory interest. However, I disagree with the majority’s assertion that the officer and the defendant had “equal” interests in the conversation. The officer’s interest in the conversation is to obtain enough incriminating evidence to give him probable cause to arrest the defendant for a crime. At his disposal in this endeavor is the whole arsenal of the government’s law enforcement weaponry. The provisions of the state constitution were designed to protect citizens from abuse and misuse of this arsenal. To state that the defendant has an equal interest is to state that she has no interest and consequently no protection from governmental intrusion.
Although the majority seems to have harmonized Montana law in this area with the federal trend it does a disservice to the citizens of this state by ignoring the greater right of the individual to exclude unreasonable impositions by the government recognized by Article II, Section 10, of our state constitution. The majority found that the defendant had no reasonably justifiable expectation of privacy in this situation. After this conclusion, how could it find any protection under the state constitution’s right to privacy provisions? The answer is it couldn’t.
The majority feels constrained by the decisions of the United States Supreme Court. But this state, through the adoption of the right to privacy provision of our state constitution, has elected to give Montana citizens even greater guarantees of privacy than the federal constitution gives. Why the majority chooses to ignore this explicit guarantee puzzles me. The decision is particularly puzzling in light of the fact that this is not a case in which there was no time to obtain a warrant. Even if getting a warrant in these types of cases becomes a perfunctory exercise, it should be done so as to at least acknowledge the rights of the individual in such a situation. Requiring a warrant may also insure the documentation and availability of a recording which actually exculpates a defendant.
The language of the opinion is broad enough to allow conversations between a defendant and his attorney or other privileged conversations to be recorded without the consent of the defendant and to be allowed into evidence. It can be assumed that the májority does not really intend to abrogate the rule concerning privileged communications. But it is expansive language such as this that provides the hammer and chisel for the chipping away of rights guaranteed by the Montana Constitution.
The decision made today is indeed a sad one for the citizens of the state of Montana. The majority may have unwittingly opened the *14 doors for the erosion of any protection the privacy clause gives individuals of this state. The result may be required by the current posture of federal law but it certainly was not intended by the framers of our state constitution.